IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASH SEATS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-575 (JJF) |
| | ) |
| PACIOLAN, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT PACIOLAN, INC'S ANSWERING BRIEF IN OPPOSITION TO FLASH SEATS, LLC'S MOTION FOR RECONSIDERATION OF THE <u>JANUARY 19, 2010 OPINION AND ORDER</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Defendant Paciolan, Inc.*

OF COUNSEL:

Daralyn J. Durie
Clement S. Roberts
Joseph C. Gratz
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 362-6666

February 22, 2010

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| I. | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II. | SUMMARY OF ARGUMENT | 1 |
| III. | ARGUMENT | 2 |
|  | A. Flash Seats' Motion is Improper and Untimely | 2 |
|  | B. Flash Seats' Motion is Improper Under Local Rule 7.1.5 | 3 |
|  | C. The Court Correctly Construed the Term "Personalized Physical Material" | 3 |
|  | D. The Court Correctly Determined That The Claims Do Not Cover Fixed-Price Sales | 7 |
| IV. | CONCLUSION | 8 |

## TABLE OF AUTHORITIES

**Cases**            **Page(s)**

*Brambles USA v. Blocker*,
  735 F. Supp. 1239 (D. Del. 1990) ............................................................................... 3, 8

*Oglesby v. Penn Mut. Life Ins. Co.*,
  877 F. Supp. 872 (D. Del. 1994) ................................................................................ 1, 3-4

*Pirelli Cable Corp. v. Ciena Corp.*,
  988 F. Supp. 424 (D. Del. 1997) ..................................................................................... 3

*Schering Corp. v. Amgen, Inc.*,
  25 F. Supp. 2d 293 (D. Del. 1998) .................................................................................. 3

*Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*,
  442 F.3d 1322 (Fed. Cir. 2006) ....................................................................................... 2

**Rules and Statutes**

Fed. R. Civ. P. 59(e) ............................................................................................................ 2

Local Rule 7.1.5 ............................................................................................................. 2-3

Rule 54(a) ............................................................................................................................ 2

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Flash Seats, LLC ("Flash Seats") filed this action against Paciolan, Inc. ("Paciolan") on September 24, 2007, asserting infringement of U.S. Patent No. 6,496,809 (the "'809 patent"). On January 19, 2010, this Court issued a Memorandum Opinion (D.I. 114) and Order (D.I. 115) construing the terms of the '809 patent. On February 5, 2010, Flash Seats filed a Motion for Reconsideration of the Court's decisions. Paciolan files this answering brief in response to that motion.

## II. SUMMARY OF ARGUMENT

Flash Seats' untimely motion for re-argument is premised on the notion that, in its 49-page claim construction Opinion, the Court simply failed to apprehend Flash Seats' arguments. Not so. The Court considered each of Flash Seats' arguments and rejected them because those arguments do not comport with either the plain language of the asserted claims or the file history of the asserted patent.

Even when timely filed, motions for reconsideration "ought to be granted only sparingly" and never "where it would merely allow for rehashing of arguments already briefed, considered, and decided." *Oglesby v. Penn Mut. Life Ins. Co.*, 877 F. Supp. 872, 892 (D. Del. 1994). Yet those are the only arguments Flash Seats makes here. Indeed, Flash Seats' entire motion is predicated on the assertion that the Court supposedly "misunderstood the nature of the claimed invention"[1] despite the fact that virtually the entire claim construction briefing focused on that very issue. For this reason, and as discussed below, the Court should reject Flash Seats' motion.[2]

---

[1] Flash Seats' Opening Brief ("FS Br."), D.I. 118 at 1.

[2] Because the only relevant facts are those set forth in the "nature and stage of the proceedings" section set forth above, Paciolan has omitted a separate factual background section.

1

III.     **ARGUMENT**

    A.     <u>**Flash Seats' Motion is Improper and Untimely**</u>

Flash Seats has moved for reconsideration and re-argument under Fed. R. Civ. P. 59(e) and D.Del. LR 7.1.5. *See* D.I. 118, FS Br. at 1. Flash Seats' motion is not permitted, however, under either rule.

First, Fed. R. Civ. P. 59(e) does not allow a litigant to ask for reconsideration of a claim construction order. That rule only allows a litigant to file a "motion to alter or amend a ***judgment***." (emphasis added). Under Rule 54(a), the term "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). A claim construction order like the one Flash Seats seeks to challenge here is not a "judgment" within the meaning of the Federal Rules because it does not end the litigation on the merits and is not subject to appeal. *See Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.,* 442 F.3d 1322, 1326 (Fed. Cir. 2006) ("With limited statutory exceptions … this court reviews only final judgments. … A final judgment, by definition, ends the litigation on the merits.") (internal citations omitted).

The reason Flash Seats has sought to style its motion as brought pursuant to Fed R. Civ. P. 59(e) is because it is untimely when considered pursuant to the proper rule. The proper authority for seeking reconsideration of an interim judicial order is, in this District, Local Rule 7.1.5. That rule provides that a "motion for reargument…shall be filed ***within 10 days*** after the Court issues its opinion or decision." D. Del. LR 7.1.5 (emphasis added). The Court's claim construction decision and order thereon were dated January 19, 2010 and entered on January 20, 2010. Flash Seats did not move for re-argument until February 5, 2010 – some seventeen days later. Its motion for re-argument is therefore untimely.

2

Motions brought pursuant to Local Rule 7.1.5 are discretionary. *Oglesby v. Penn Mut. Life Ins. Co.*, 877 F. Supp. 872, 892 (D. Del. 1994); *Brambles USA v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). Especially where, as here, Flash Seats offers no excuse for its tardiness, the Court should exercise its discretion to deny Flash Seats' motion as untimely.

### B. Flash Seats' Motion is Improper Under Local Rule 7.1.5

A "grant of reargument should be denied where the proponent simply rehashes materials and theories already briefed, argued and decided." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Pirelli Cable Corp. v. Ciena Corp.,* 988 F. Supp. 424, 445 (D. Del. 1997) ("Motions for reargument should only be granted sparingly, and not granted "where it would merely 'allow wasteful repetition of arguments already briefed, considered and decided.'" (citations omitted)). Yet that is *precisely* the kind of argument (and the only kind) that Flash Seats makes. In particular, Flash Seats offers no new facts or evidence, cites no new law, and instead devotes its brief to the proposition that the Court simply "misapprehended" the meaning of the claim terms.

Although a motion for reconsideration is permissible if and where "the Court has patently misunderstood a party or made an error not of reasoning but of apprehension," Flash Seats offers nothing to suggest the Court has made any such error. *Oglesby*., 877 F. Supp. at 892. Instead, as discussed in more detail below, Flash Seats' arguments are predicated on the idea that the Court simply reached the wrong conclusion. These arguments are both substantively wrong, and procedurally improper.

### C. The Court Correctly Construed the Term "Personalized Physical Material"

After considering both the plain language and the file history, the Court found that the phrase "personalized physical material" means a physical material "bearing or containing

3

information specific to an individual ticket holder." D.I. 114 at 10. In reaching this conclusion, the Court rejected Flash Seats' proposed construction of "personalized physical material" as something "that was especially created or adapted to allow access to an event." *Id*. at 6-10. As the Court noted in its order, Flash Seats' "proposed construction does not in any way embody the concept of 'personalization.'" *Id*. at 6-7.

Yet, in its motion for re-argument, Flash Seats asserts that the Court made an error of apprehension and that Flash Seats' proposed definition "comports with the plain language of the claim terms as well as a central purpose of the invention," because the word "personalized" has nothing to do with a particular *person* but instead relates to a particular *event*. D.I. 118, FS Br. at 2.[3]

In support of this proposition, Flash Seats offers three arguments: that (1) the Court's construction conflicts with the "central purpose" of the invention, namely "eliminating the usual step of delivering the purchased ticket to the buyer"; (2) as construed, the claims "would include within the patent's scope materials that were clearly intended to be excluded" such as "a physical cardboard ticket that contained a bar code;" and (3) the Court failed to understand the file history. D.I. 118, FS Br. at 2-7. All three of these arguments are wrong.

First, there is nothing about the Court's construction of "personalized physical material" that conflicts with what Flash Seats now claims is the "central purpose" of the invention. As construed by the Court, the claims cover systems in which a ticket buyer gains access to an event *without* presenting a personalized physical material. A ticket buyer who gains

---

[3] Flash Seats further argues that "[i]n the context of a ticket to a sporting event, personalized might mean selecting the specific ticket that corresponds to a specific seat." D.I. 118, FS Br. at 17-18. This is wrong. While a specific person might choose to buy a particular ticket, the ticket does not thereby become "personalized" any more than a can of soup becomes "personalized" when one takes it from the shelf in a supermarket. In both cases the *item* has not been altered from its initial, generic state – it has simply become owned by a specific individual.

4

access by, for example, entering a pin number into a keypad, or through the use of a biometric voice reader, would gain access to an event without presenting such a material, and *also* would have no need to receive a distributed paper ticket. Thus there is no conflict between what Flash Seats now describes as the "central purpose" of the invention and the Court's construction.[4]

Second, Flash Seats is wrong when it claims that the Court's construction brings the use of bar-coded paper tickets within the scope of the claims. D.I. 118, FS Br. at 6-7. Claim one, for example, says no fewer than *five times* that the invention deals with paperless tickets:

1. A system for electronically exchanging ***paperless*** tickets for an event in a secondary market from ticket sellers to ticket buyers, the system comprising:

   - means for associating the ***paperless*** tickets with authentication data of the ticket seller;

   - means for receiving from ticket sellers electronic asks comprising an ask quantity and an ask price;

   - means for receiving from a ticket buyer an electronic bid comprising a bid quantity and a bid price;

   - means for comparing the bid to the asks;

   - means for completing a transfer of the ***paperless*** tickets when the bid price equals the ask price and the ask quantity is equal to or greater than the bid quantity;

   - means for reassociating the ***paperless*** tickets with authentication data of the ticket buyer, the authentication data of the ticket buyer being provided by the ticket buyer, and wherein the authentication data does not constitute a physical material; and

   - means for granting access to the event upon presentation of the buyer authentication data of the ***paperless*** ticket without the buyer presenting any Personalized physical material.

---

[4] Flash Seats is likewise wrong when it says that "[i]t makes little sense to believe the Examiner allowed claims directed to an 'authentication reader' … but at the same time intended to exclude the use of such a reader to read magnetic information from a credit card." D.I. 118, FS Br. at 5. It makes perfect sense, however, when one considers that both a key pad and a biometric scanner constitute "authentication readers" under the parties' stipulated construction (namely "a device that reads or receives authentication data").

'809 patent, Claim 1 (emphasis added).

It is difficult to see how Flash Seats can seriously contend that this language encompasses the use of a paper ticket to gain access to an event. The last limitation is explicit that the authentication data which must be presented is the authentication data for a ***paperless*** ticket.

Third, Flash Seats' claim that the Court failed to apprehend the file history is predicated on a misreading of that history. In its Order, the Court made clear that it had reviewed both the file history and the prior art, and that it (correctly) understood that the "personalized physical material" limitation had been added in response to the examiner's express desire to "preclude the use of physical forms of authentication data such as an identification card." D.I. 114 at 8. The Court then went on to note that its conclusion was supported by the fact that, during prosecution, the parties had a discussion about whether or not the specification contained support for a system that allowed access without the use "of some form of physical man-made token such as a credit card or bar code." *Id.* at 9-10.

According to Flash Seats, however, the Court "misapprehended the meaning" of this portion of the file history which "was not a comment intended to disclaim claim scope" but instead "was merely to clarify that the claims as written … simply excluded a very specific subset of physical material, namely personalized physical material, *e.g.*, a paper ticket provided by the seller to the buyer." D.I. 118, FS Br. at 3-4.

This is wrong. In the first place, the "personalized physical material" limitation was ***not*** needed (or added) to exclude paper tickets from the scope of the claims. As noted previously, the claims already excluded the use of paper tickets many times over. In addition, the Court did *not* rely on this statement as an express disclaimer of claim scope, but instead as evidence that "confirmed" the Court's view that Flash Seats disclaimed the use of a credit card

6

when it added the "personalized physical material" limitation in response to the examiner's complaint that a prior amendment did not "preclude the use of physical forms of authentication data such as an identification card." D.I. 114 at 8. ***That*** is a clear and express disclaimer of claim scope, and Flash Seats cannot make it go away by pointing to a different part of the file history.

> **D.    The Court Correctly Determined That The Claims Do Not Cover Fixed-Price Sales**

Flash Seats' other argument is that the Court erred in holding that the claims "cannot be reasonably understood to encompass the exchange of tickets through fixed price sales" (D.I. 114 at 21) because the Court's "reasoning is based on a misapprehension of how a system for electronically exchanging paperless tickets … would perform the function." D.I. 118, FS Br. at 20. There are at least three problems with Flash Seats' argument.

First, nothing in Flash Seats' argument changes the fact that the plain language of the claims does not encompass fixed-price sales. When you go into a store to buy a loaf of bread, you do not "bid" on the bread when you check out at the register. Nor do you "bid" on a ticket (or a book on Amazon, or on any other electronic good) when you click on a "buy" button on a website. The plain language of the claims therefore excludes fixed-price sales.

Second, after asserting that the Court failed to understand that computers would perform a comparison between bids and asks in a fixed-price sale (D.I. 118, FS Br. at 20) Flash Seats goes on to offer an explanation about why such a comparison would be performed ***in an auction***. D.I. 118, FS Br. at 21. Even if this explanation is correct, it is irrelevant to fixed price sales.

Third, Flash Seats' argument about "how computers really work" is both wrong and is not supported by any competent evidence. The time for expert reports is long since

7

passed, and if Flash Seats had evidence to present on this score it should have done so at the appropriate time – at which point Paciolan would have rebutted it. *Brambles USA,* 735 F. Supp. at 1240 ("the reargument mechanism … should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."). Moreover, the *fact* is that in a fixed price sale there is no need for the computer system to compare "two price fields" as Flash Seats contends (D.I. 118, FS Br. at 21) because the buyer does not submit a price when he or she clicks on the "buy" button.

## IV. CONCLUSION

For the reasons discussed above, the Court should deny Flash Seats' motion.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Defendant Paciolan, Inc.*

OF COUNSEL:

Daralyn J. Durie
Clement S. Roberts
Joseph C. Gratz
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 362-6666

February 22, 2010

3402195

8

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 22, 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>John G. Day
>Lauren E. Maguire
>ASHBY & GEDDES

and that copies were caused to be served upon the following individuals in the manner indicated:

## BY E-MAIL

| | |
|---|---|
| John G. Day | Brian T. Moriarty |
| Lauren E. Maguire | HAMILTON, BROOK, SMITH & |
| ASHBY & GEDDES | REYNOLDS, P.C. |
| 500 Delaware Avenue | 530 Virginia Road |
| 8th Floor | P.O. Box 9133 |
| Wilmington, DE  19801 | Concord, MA  01742-9133 |

*/s/ Julia Heaney*

Julia Heaney (#3052)